In re Robinson

The judgments are affirmed.

Affirmed.

Judges BRITT and PARKER concur.

---

IN THE MATTER OF: JILL CATHEY ROBINSON, RESPONDENT

No. 7527SC294

(Filed 18 June 1975)

Insane Persons § 2—hearing on competency — notice to respondent required·

    One accused of incompetency is entitled to notice of the proceedings and a reasonable opportunity to rebut the allegations of the petition; for failure to give notice to respondent of a hearing on her competency, the adjudication by the trial court of lunacy is reversed. G.S. 35-2.

APPEAL by respondent from *Ervin, Judge*. Judgment entered 12 March 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 11 June 1975.

One of respondent's sisters filed a petition with the clerk, pursuant to G.S. 35-2, seeking to have respondent declared incompetent. No notice of the proposed hearing was served upon respondent. The hearing was held on 17 December 1974, and the jury found respondent (who was not represented by counsel) incompetent. On the same day, letters of guardianship were issued to petitioner. The judgment finding respondent incompetent recites that she was physically present at the hearing. Another sister and a brother of respondent employed counsel, who gave notice of appeal to the next session of superior court for trial *de novo*. They also filed affidavits alleging that on the day of the hearing respondent was walking along the highway to her aunt's house when she was forced into an automobile and taken away by petitioner. They also swore that they attempted to locate respondent, could not do so, and had no knowledge of the inquisition until after it had been concluded. On 31 January 1975, judgment was entered in the Superior Court dismissing the appeal because neither the incompetent nor her guardian (petitioner) had employed counsel to appeal the case. Subsequently, respondent engaged her present counsel and now seeks

State v. Greene

appellate review of an order entered 12 March 1975 which denied relief from the judgment declaring her to be incompetent.

*Basil L. Whitener and Anne M. Lamm, for petitioner appellee.*

*Roberts and Caldwell, P.A., by Joseph B. Roberts III; Mullen, Holland & Harrell, by Graham C. Mullen, attorneys for respondent appellant.*

VAUGHN, Judge.

It is fundamental that one accused of incompetency is entitled to notice of the proceedings and a reasonable opportunity to rebut the allegations of the petition. The statute, G.S. 35-2, requires "notice." "This statute does not specify the time but . . . ten days' notice would be appropriate unless the court, for good cause, should prescribe a shorter period." *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490.

Because of lack of notice to respondent, the adjudication of lunacy is reversed and the case is remanded for a hearing *de novo.*

Reversed and remanded.

Judges MORRIS and CLARK concur.